W. J. Payne *v.* C. M. Williams and Wife.

DAMAGES.  *When parent not liable for, in procuring separation of daughter from her husband.*  A Judge charged the jury that "where a minor child, especially if very young, marries without consent of her parents and against their wishes, they may fairly, honestly and truthfully, without fraud or deception, advise such child, and if the child then, of her own free-will, determine to separate from her husband, and does so, and lives with the father, and is supported and maintained by him, and he has done nothing more to produce or keep up the separation than fairly, thoughtfully and honestly to give his opinion and advice to the daughter, and maintain and support her after the separation, of the daughter's own free-will, the parent would not be liable in damages to the husband."

*Held*, correct.

Authorities cited : Schouler's Dom. Rel., 57–8; 21 Barb, 439; 5 John, 196.

SAME.  The sincerity of plaintiff's affection for his wife may be looked to in view of damages.

---

FROM DEKALB.

---

Appeal from the Circuit Court.    SAMUEL M. FITE, Judge.

SAVAGE, for complainant.

R. CANTRELL, for defendants.

DEADERICK, J., delivered the opinion of the Court.

This is an action on the case brought by plaintiff against defendants for enticing away plaintiff's wife and pursuading and procuring her to abandon him. Verdict and judgment were for defendants, and plaintiff has appealed.  Plaintiff's wife is the daughter of

defendants, young and inexperienced, and was secretly married to plaintiff against the wishes of her parents on one day, and was sent for on the next by her parents, the messenger telling her, her mother wanted her to return home and get her clothes. She returned to her father's house, and did not return again to her husband. On the next day her husband went after her, and she refused to go with him, and has ever since remained at her father's house. The bill of exceptions shows that plaintiff's evidence "tended to prove that plaintiff was poor, honest and industrious; of ordinary mind and understanding, and of good character, and that the father and mother of his wife had sent for her to get her clothes, and had induced her to stay with them, and separate from the plaintiff." On the other hand, the evidence for defendant "tended to show that the plaintiff was a man with but little character and property, and addicted to drinking; of vulgar instincts, and had made indecent and improper remarks about his wife and his marriage; and that the marriage, on the part of his wife, was hasty and improvident, and that defendant had left her free to stay with them or to go with Payne."

The only questions arising in this Court are upon the correctness of the charge of the Court and upon his refusal to charge as requested by the plaintiff. The Court charged the jury that "where a minor child, especially if very young, marries without consent of her parents and against their wishes, they

Payne *v.* Williams.

may fairly, honestly and truthfully, without fraud or deception, advise such child, and if the child then, of her own free-will, determine to separate from her husband, and does so, and lives with the father, and is supported and maintained by him, and he has done nothing more to produce or keep up the separation than fairly, thoughtfully and honestly to give his opinion and advice to the daughter, and maintain and support her after the separation, of the daughter's own free-will, the parent would not be liable in damages to the husband." Such is the charge excepted to. We are of opinion it is in substantial accord with the law, with reason and a sound public policy. There can be no law to restrain the parent from honestly and sincerely endeavoring to protect his daughter, by means of counsel and warning from impending ruin or disgrace, or wreck of her happiness or usefulness for life. There is a marked distinction between the rights and privileges of a parent in such cases, and those of a mere intermeddling stranger. A father has no right to restrain his daughter from returning to her husband, if she desires to do so. On the other hand, he may lawfully give counsel and honest advice for her own good, and shelter her in his own house, if she chooses to remain with him. *Schouler's Dom. Rel.*, 57–8; 21 *Barb*, 439; 5 *John*, 196.

It is next objected that the Court instructed the jury that they might consider, upon the questions of damages, whether the plaintiff entertained a sincere and

honorable love for his wife, and for this reason, and not merely from lustful feelings, desired her to return to him. We think, upon the question of damages—in which connection this part of the charge was given—there was no error in it; and, besides, it worked no injury to the plaintiff, as the jury found he was entitled to no damages.

The plaintiff further insists that the Court erred in refusing to charge his eleventh proposition without more or additional statements. Although we are of opinion that the proposition submitted was correct, as stated by the Court to the jury, and might very properly have been left to them without particular reference to other facts in evidence; yet, we cannot say that there was any error in the reference made by the Judge to other aspects of the case, as presented by the counsel for defendants, for which we would reverse.

Upon the whole case, the record shows that there was sufficient evidence before the jury to warrant the conclusions at which they arrived; and being of opinion that the charge of the Court is correct, we affirm the judgment.